NATIONAL SAND AND GRAVEL COMPANY, INCORPO-RATED, PLAINTIFF, v. R. H. BEAUMONT COMPANY, DEFENDANT.

Submitted May 5, 1931—Decided October 5, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff, *William A. Moore* and *George Gildea.*

For the defendant, *Norman W. Harker.*

PER CURIAM.

The plaintiff had judgment for $9,265.52. The action was for breach of a written contract. The defendant con-

tracted to supply the plaintiff with a Beaumont slack-line system for digging gravel.

The contract contains the following provisions: "The machinery will handle sand and gravel (90 lbs. per cu. ft.) at a maximum rate of 600 tons per 10 hr. working day at 300′ haul under average conditions when Sand and Gravel, not bolders and clay, under favorable conditions, * * *. The contractor guarantees that the material and workmanship entering into the manufacture shall be first class in every respect for the purpose intended, and will furnish duplicates of any parts which are proved, within one year from date of shipment, to have failed from defects; but the liability under this guarantee is limited to furnishing such parts. No allowance for repairs or alterations will be made without the Contractor's written consent * * *."

The case went to the jury on the theory that they might find a breach of warranty. The plaintiff's proofs showed that the machine or device would not handle sand and gravel at a maximum rate of six hundred tons per ten hours working day and justify such a finding by the jury.

The defendant's motion to strike a count in the complaint alleging deceit was granted. Because the plaintiff failed to prove fraud furnishes no ground to disregard the pertinent evidence bearing upon a breach of warranty. Under Supreme Court rule 38 alternative relief may be sought, based upon an alternative construction or ascertainment of the cause of action.

Plaintiff, we think, rescinded the contract and was entitled to recover the price already paid, together with the moneys expended on account of the purchase.

Section 69 of the Sale of Goods act provides: "(1) Where there is a breach of warranty by the seller, the buyer may, at his election * * * (d) Rescind the contract to sell or the sale and refuse to receive the goods, or, if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid. * * * (6) The measure of damages of breach of warranty is the loss directly and naturally result-

ing, in the ordinary course of events, from the breach of warranty."

The damages, in a case like the present, properly included moneys expended in supplying a bin and wiring for the apparatus. The proofs show that these expenses were incurred with the knowledge of the defendant, in order that the machinery might be installed, and further show that the expenditure was of no use because the machine was not as warranted. Certainly such damages naturally and directly resulted from the breach of warranty, and the charge given by the trial court was substantially correct and in no particular so prejudiced the defendant as to require setting aside the verdict.

The rule will be discharged, with costs.